IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSHUA DAVID RAMIREZ LLANOS,<br><br>Petitioner,<br><br>vs.<br><br>PAM BONDI, US Attorney General; KRISTI NOEM, Secretary of Department of Homeland Security; JOHN E. CANTU, Field Office Director for the Phoenix Field Office; and WARDEN, Eloy detention center;<br><br>Respondents. | 8:26CV91<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Joshua David Ramirez Llanos's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully detained because he has not been afforded a bond hearing before an immigration judge. Respondents argue Petitioner is not entitled to a bond hearing because he is subject to mandatory detention as an alien seeking admission. For the reasons set forth herein, the Court grants the Petition and orders Respondents to provide Petitioner a bond determination hearing in immigration court.

**I.    BACKGROUND**

Petitioner is a native and citizen of Colombia. Filing No. 1 at 6; Filing No. 8 at 3. He entered the United States without inspection on or around May 7, 2024. Filing No. 8 at 3. U.S. Border Patrol encountered Petitioner shortly after his entry, and on May 13, 2024, he was issued a Notice to Appear in removal proceedings. Filing No. 8-1. On May 14, 2024, Petitioner was released from custody and enrolled in the Alternatives to Detention supervision program. Filing No. 8 at 3. On July 9, 2024, Petitioner was arrested

1

on criminal controlled-substance and failure-to-appear charges which remain pending. *Id.* at 4.  On June 2, 2025, an IJ granted DHS's motion to dismiss removal proceedings in order to allow ICE to process Petitioner by expedited removal instead.  *Id.*  ICE took Petitioner into custody for that purpose, but on July 1, 2025, Petitioner appealed the IJ's dismissal of proceedings and on July 9, DHS filed a motion agreeing to remand the case to the IJ to permit Petitioner to continue in regular removal proceedings.  *Id.*  On November 19, 2025, the BIA granted DHS's motion to remand, and Petitioner's removal proceedings were reinstated.  *Id.*  On January 14, 2026, the IJ denied bond to Petitioner based on the BIA's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 217 (BIA 2025).  *Id.*

Petitioner remains in ICE custody at the McCook Detention Facility and seeks a writ of habeas corpus ordering Respondents to afford him a bond hearing.  Filing No. 1 at 8.

II.     **STANDARD OF REVIEW**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  This includes immigration-related detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

III.    **ANALYSIS**

The undersigned has already addressed the legal issue presented in this case in *Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328 (D. Neb. Jan. 8, 2026).

Respondents have not explained how this case differs, and the Court sees no reason to depart from its prior reasoning. The Fifth Circuit Court of Appeals' recent decision to the contrary is not binding on this Court. See Buenrostro-Mendez v. Bondi, ___ F.4th ___, No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026).

In short, the Court concludes Respondents' interpretation of the INA is incorrect. A noncitizen who was apprehended after already being present in the United States is not an arriving alien seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2).[1] See Chavez Avila, 2026 WL 63328, at *2–3. Rather, such a noncitizen must be detained pursuant to a warrant and afforded a prompt bond determination before an immigration judge pursuant to 8 U.S.C. § 1226(a). Id.

Here, Respondents have produced a Notice to Appear and administrative warrant for Petitioner's arrest. Filing No. 8-1; Filing No. 8-2. Accordingly, the proper remedy is that he be afforded a prompt bond determination before an immigration judge. Therefore,

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, and Motion for Expedited Handling, Filing No. 3, are granted.

2. Respondents shall promptly afford Petitioner a bond determination hearing pursuant to 8 U.S.C. § 1226.

---

[1] Petitioner also argues that the declaratory class-action order in Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), governs this case. In Bautista, the District Court for the Central District of California certified a nationwide class and entered declaratory judgment to the effect that DHS's policy of treating all noncitizens as subject to mandatory detention under § 1225 is unlawful. Id. at *31–32. At the present time, the Ninth Circuit Court of Appeals has stayed the Bautista order in all but the Central District of California. See In Re: Lazaro Maldonado Bautista, 26-1044 (9th Cir. March 6, 2026). In light of the stay and given that the Court finds Petitioner is entitled to the relief he seeks on an individual basis, it declines to address the applicability of the class-action order to the present case.

3. On or before **March 23, 2026**, respondents shall file a status update regarding Petitioner's bond hearing.

4. The Court will enter a separate judgment.

Dated this 13th day of March, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge